Tammy Hussin (Bar No. 155290)
*Of Counsel*
Lemberg & Associates LLC
6408 Merlin Dr., Suite #100
Carlsbad, CA 92011
Telephone (855) 301-2300 ext. 5514
thussin@lemberglaw.com

Lemberg & Associates, LLC
1100 Summer Street
Stamford, CT  06905
Telephone:  (203) 653-2250
Facsimile:  (203) 653-3424

Attorneys for Plaintiff,
Joshua Santos

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| Joshua Santos,<br><br>                     Plaintiff,<br><br>     vs.<br><br>Delanore, Kemper & Associates, LLC; and DOES 1-10, inclusive,<br><br>                     Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br>**1. VIOLATION OF FAIR DEBT COLLECTION practices ACT, 15 U.S.C. § 1692 et. seq;**<br>**2. VIOLATION OF FAIR DEBT COLLECTION PRATICES ACT, CAL.CIV.CODE § 1788 ET. SEQ.**<br><br>**JURY TRIAL DEMANDED** |

For this Complaint, the Plaintiff, Joshua Santos, by undersigned counsel, states as follows:

**JURISDICTION**

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

**PARTIES**

4. The Plaintiff, Joshua Santos (hereafter "Plaintiff"), is an adult individual residing at 4420 Oakhollow Dr. # 53, Sacramento, California 95842, and are each a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, Delanore, Kemper & Associates, LLC (hereafter "Defendant"), is a company with an address of 2221 Peachtree Road, #473, Suite D, Atlanta, Georgia 30309, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

2

6. Does 1-10 (the "Collectors") are individual collectors employed by Delanore, Kemper & Associates, LLC and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Delanore, Kemper & Associates, LLC at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.   The Debt**

8. The Plaintiff allegedly incurred a financial obligation (the "Debt") to a Creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Delanore, Kemper & Associates, LLC for collection, or Delanore, Kemper & Associates, LLC was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

3

**B.     Delanore, Kemper & Associates, LLC Engages in Harassment and Abusive Tactics**

12.     Defendants contact Plaintiff in an attempt to collect the Debt. Defendants caused Plaintiff's telephone to ring at an excessive rate, calling Plaintiff's cell phone multiple times a day for successive days in a row. Defendants called Plaintiff approximately fifteen (15) times and Plaintiff's wife approximately nine (9) times within a three day time span.

13.     Defendants failed to send a 30 day Validation letter to Plaintiff as required under the law.

14.     Defendants used hostile and abusive language during conversations with Plaintiff and his wife. In one conversation, Defendants threatened Plaintiff with imprisonment if he did not immediately pay the Debt. Defendant told Plaintiff's wife that Plaintiff would be incarcerated if he did not pay the Debt. Plaintiff's wife was extremely distressed by the conversation, in turn creating distress in Plaintiff.

15.     Defendants threatened Plaintiff with immediate legal action. To date, no such legal action has taken place.

16.     During the telephone contacts with both Plaintiff and Plaintiff's wife, Defendant did not advise Plaintiff that the call Defendant's call is an attempt to collect a debt.

4

17.     Counsel for Plaintiff sent a letter to Delanore, Kemper & Associates, advising them that Plaintiff was represented by counsel and instructed that all further communications be directed toward counsel for Plaintiff. Despite having received said letter of representation, Defendant continued to contact Plaintiff in an attempt to collect the Debt.

C.     **Plaintiff Suffered Actual Damages**

18.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

19.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

20.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692, et seq.**

21.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

5

22.     The Defendants contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff, in violation of 15 U.S.C. § 1692c(a)(1).

23.     The Defendants used profane and abusive language when speaking with the consumer, in violation of 15 U.S.C. § 1692d(2).

24.     The Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

25.     The Defendants threatened the Plaintiff with imprisonment if the debt was not paid, in violation of 15 U.S.C. § 1692e(4).

26.     The Defendants threatened to take legal action, without actually intending to do so, in violation of 15 U.S.C. § 1692e(5).

27.     The Defendants failed to inform the consumer that the communication was an attempt to collect a debt, in violation of 15 U.S.C. § 1692e(11).

28.     The Defendants failed to send the Plaintiff a validation notice stating the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

29.     The Defendants failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the debt was owed, in violation of 15 U.S.C. § 1692g(a)(2).

30.     The Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the debt within thirty days, in violation of 15 U.S.C. § 1692g(a)(3).

31. The Defendants failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff, in violation of 15 U.S.C. § 1692g(a)(4).

32. The Defendants failed to send the Plaintiff a validation notice containing the name and address of the original creditor, in violation of 15 U.S.C. § 1692g(a)(5).

33. The Defendants contacted the Plaintiff after having knowledge that the Plaintiff was represented by an attorney, in violation of 15 U.S.C. § 1692c(a)(2).

34. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

35. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT II
## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788 et seq.

36. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. The Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 et seq. ("Rosenthal Act") prohibits unfair and deceptive acts and practices in the collection of consumer debts.

38. Delanore, Kemper & Associates, LLC, in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

39. The Defendants threatened the Plaintiff with arrest if the debt was not paid, in violation of Cal. Civ. Code § 1788.10(e).

40. The Defendants used obscene and profane language when speaking with the Plaintiff, in violation of Cal. Civ. Code § 1788.11(a).

41. The Defendants caused a telephone to ring repeatedly and engaged the Plaintiff in continuous conversations with an intent to annoy the Plaintiff, in violation of Cal. Civ. Code § 1788.11(d).

42. The Defendants communicated with the Plaintiff with such frequency as to be considered harassment, in violation of Cal. Civ. Code § 1788.11(e).

43. The Defendants failed to comply with the provisions of 15 U.S.C. § 1692, et seq., in violation of Cal. Civ. Code § 1788.13(e).

44. The Defendants falsely represented that a legal proceeding had been or was about to be instituted unless the debt was paid immediately, in violation of Cal. Civ. Code § 1788.13(j).

45. The Defendants did not comply with the provisions of Title 15, Section 1692 of the United States Code, in violation of Cal. Civ. Code § 1788.17.

46. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

E. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

F. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

G. Punitive damages; and

H. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  June 2, 2011                              TAMMY HUSSIN


By: <u>  */s/ Tammy Hussin*  </u>
Tammy Hussin, of Counsel
Lemberg & Associates, LLC
Attorney for Plaintiff Joshua Santos